FILED

JAN 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | No. 11-10442 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00083-PJH-12 |
| v. | |
| ANGELICA MARIA RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted December 7, 2012[**]
San Francisco, California

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and EZRA, Senior
District Judge.[***]

The facts of this case are known to the parties. We need not repeat them

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Ezra, Senior U.S. District Judge for the
District of Hawaii, sitting by designation.

here.  In March 2011, a jury convicted Angelica Rodriguez of conspiracy to distribute and possess with intent to distribute methamphetamine and use of a telephone to facilitate the commission of a conspiracy to distribute methamphetamine.  Rodriguez argues that the district court erred in denying her motion to suppress wiretap evidence because the affidavit supporting the wiretap application was deficient and failed to establish necessity.  She also argues that the district court erred in determining that misstatements in the affidavit were not made with reckless disregard for the truth and were not material.  We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291.

We employ a two-step review when a defendant asserts that the government failed to satisfy the requirements of the federal wiretap statute.  First, we review de novo whether the government's wiretap application included "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(1)(c); *United States v. Shryock*, 342 F.3d 948, 975 (9th Cir. 2003).  Second, we review for abuse of discretion the district court's finding that a wiretap was necessary.  *Shryock*, 342 F.3d at 975.

We hold that the wiretap application, purged of the misstatements and omissions, contained a full and complete statement of facts.  The 84-page affidavit provided an extensive summary of the investigation, detailed information about the

target subjects, and a 14-page discussion of the inadequacy of traditional investigative techniques. The latter section contained a discussion of the inefficacy of traditional techniques in this case, not general claims applicable to all narcotics investigations. *See United States v. Blackmon*, 273 F.3d 1204, 1210 (9th Cir. 2001) ("The purged application does not meet the full and complete statement requirement of § 2518(1)(c) because it makes only general allegations that would be true in most narcotics investigations.").

We further hold that the issuing court did not abuse its discretion in determining that the affidavit satisfied the necessity requirement. "When reviewing necessity we employ a 'common sense approach' to evaluate the reasonableness of the government's good faith efforts to use traditional investigative tactics or its decision to forego such tactics based on the unlikelihood of their success or the probable risk of danger involved with their use." *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1112 (9th Cir. 2005). The government's wiretap application detailed the traditional investigative techniques already employed and listed specific goals the investigation had failed to accomplish through traditional techniques, including identifying all co-conspirators, establishing the role of each individual in the organization, and furnishing proof beyond a reasonable doubt of criminal activity. We are also mindful of the heightened need for electronic surveillance in the investigation of a drug

trafficking conspiracy because of the unique nature of such an organization. *See United States v. Garcia-Villalba*, 585 F.3d 1223, 1230 (9th Cir. 2009) ("[T]raditional investigative techniques sometimes cannot end the threat that such organizations pose to public safety. A wiretap, which targets communications, is well-suited to unmasking the leaders of a narcotics-trafficking organization."); *United States v. McGuire*, 307 F.3d 1192, 1198 (9th Cir. 2002) ("[T]he government is entitled to more leeway in its investigative methods when it pursues a conspiracy.").

Finally, the district court's factual finding that Agent Carpluk's misstatements were not made recklessly or intentionally was not clear error. *See Shryock*, 342 F.3d at 975. Furthermore, when the misstatements and omissions in the affidavit are removed and corrected, the affidavit still demonstrates the wiretap's necessity. Thus, Agent Carpluk's misstatements were not material to the issuing court's determination of necessity. *See United States v. Ippolito*, 774 F.2d 1482, 1485–87 (9th Cir. 1985).

**AFFIRMED.**